Barros v. Barr

BIA
Kolbe, IJ
A089 175 426/088 619 331

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

JOSE ALBERTO BARROS, AKA JOSE
BARROS ESCANDON, NANCY LEONOR
TENESACA PACHO,
> *Petitioners,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-3101 (L),
18-3119 (Con)

_____

FOR PETITIONERS:                Cory Forman, Cohen Forman Barone,
                                LLP, New York, NY.

FOR RESPONDENT:                 Joseph H. Hunt, Assistant Attorney
                                General; Cindy S. Ferrier, Assistant
                                Director; Micah S. Engler, Trial
                                Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DISMISSED.

Petitioners Jose Alberto Barros and Nancy Leonor Tenesaca Pacho, natives and citizens of Ecuador, seek review of a BIA decision affirming without opinion an Immigration Judge's ("IJ") denial of Barros's and Tenesaca Pacho's applications for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *In re Barros & Tenesaca Pacho,* Nos. A 089 175 426/088 619 331 (B.I.A. Sept. 19, 2018), *aff'g* Nos. A 089 175 426/088 619 331 (Immig. Ct. N.Y. City Sept. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as the final agency determination because the BIA summarily affirmed that decision. *See* 8 C.F.R. § 1003.1(e)(4); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We lack jurisdiction to review petitioners' challenge to the BIA's decision not to issue a three-member ruling. *See Kambolli v. Gonzales*, 449 F.3d 454, 461–63 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.1(e)(6) (setting out circumstances required for three-member decision). The "streamlining regulations' provision for summary affirmance of IJ decisions by a single Board

2

member does not deprive an asylum applicant of due process." *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 157 (2d Cir. 2004).

Accordingly, the only issue before us is the IJ's denial of cancellation on the ground that Barros and Tenesaca Pacho did not demonstrate that their U.S.-citizen children would suffer exceptional and extremely unusual hardship in Ecuador. Nonpermanent residents, such as Barros and Tenesaca Pacho, may have their removal cancelled if, among other factors, they demonstrate that their "removal would result in exceptional and extremely unusual hardship" to a qualifying relative, here their U.S.-citizen sons. 8 U.S.C. § 1229b(b)(1)(D). "[T]he hardship to an alien's relatives, if the alien is obliged to leave the United States, must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)).

Because cancellation is discretionary relief, our review is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36 (2d Cir. 2008). To invoke our jurisdiction, such claims must be "colorable." *Barco-Sandoval*, 516 F.3d at 40 ("[W]e lack jurisdiction to review any legal argument that is so

3

insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction."). Accordingly, we must determine whether an argument "merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

We conclude that Barros and Tenesaca Pacho have not identified a colorable constitutional claim or question of law regarding the hardship determination. Although the agency may commit an error of law if it "totally overlook[s]" or "seriously mischaracterize[s]" material facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), that is not this case. The record reflects that the IJ fairly considered petitioners' evidence.

In urging otherwise, petitioners argue, first, that the IJ erred in determining that Tenesaca Pacho's risk of developing breast cancer was too speculative to evaluate ensuing hardship to her children. This argument disputes the IJ's factual findings, *i.e.*, how likely it is that an event will occur, which we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329; *see also Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (explaining that "[a] determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding").

4

Second, although petitioners argue that the IJ overlooked environmental concerns, the IJ is not required to "expressly parse or refute on the record each individual argument or piece of evidence," particularly if the evidence is not material. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275–76 (2d Cir. 2006) (quotation marks omitted). Petitioners did not show that evidence regarding a volcano was material as they did not allege that they would live near the volcano. Nor did the IJ err by not discussing a study about higher risks of asthma and allergies in countries near the equator, as such risks do not qualify as exceptional and extremely unusual hardship. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 320, 322 (B.I.A. 2002) (noting that exceptional and extremely unusual hardship is a "very high standard"). Furthermore, the IJ did not err in not explicitly discussing reports of arsenic in the water in Latin America, as the report did not discuss any studies in Ecuador.

Third, the IJ did not overlook or mischaracterize evidence regarding the particular health conditions of petitioners' children, Justin and Joseph. The IJ did not mischaracterize the record by stating that Joseph's heart murmur is expected to resolve over time because a doctor's letter stated that the murmur "should resolve over time" and "[n]o treatment or restrictions are currently indicated." Although a nurse practitioner's letter

5

noted that Justin's eye condition needed monitoring, the IJ did not mischaracterize the record in stating that an eye infection was not an issue because Justin was not experiencing eye infections or receiving treatment at the time of the hearing. *See Mendez*, 566 F.3d at 323 ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy."). The IJ also did not mischaracterize the record in stating that Justin's "eczema has improved over time" because a medical letter describes his current treatment as milder than his past treatment.

Fourth, the IJ did not err by not explicitly discussing a psycho-emotional and family dynamics evaluation prepared for the removal proceedings by a social worker, as the evaluation was largely cumulative of Tenesaca Pacho's testimony and the evaluator did not interview Justin. The IJ was not required to accept the social worker's conclusions that Justin's relocation outside the United States would threaten his educational, physical, and psycho-emotional health. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Moreover, the IJ acknowledged the concerns raised in the report regarding the lower standard of living, diminished educational opportunities, and reduced economic conditions that Justin and

Joseph would face in Ecuador. Although such circumstances are "factors to consider," they "generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64; *see Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before h[er], unless the record compellingly suggests otherwise.").

Fifth, the IJ did not seriously mischaracterize or overlook evidence regarding Justin's learning disability. *See Mendez*, 566 F.3d at 323. Even if the IJ could have discussed these issues in more detail, the IJ did not err in stating that Justin has speech difficulties and receives one hour of speech therapy per week. *See id.*

Finally, the record does not support petitioners' argument that the IJ failed to consider the totality of factors in assessing the hardship to petitioners' children from their parents' removal to Ecuador. *See In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (noting that analysis "requires the assessment of hardship factors in their totality"). As discussed above, the IJ did not overlook relevant evidence and nothing in the record indicates that the IJ considered each hardship in isolation, without ultimately considering cumulative effect. Because the record does not support petitioners' claim that the IJ failed to

7

analyze the evidence as a whole, petitioners have also failed to state a due process claim. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (quotation marks omitted)).

Because Barros and Tenesaca Pacho do not raise a colorable constitutional claim or question of law, we are without jurisdiction to review their arguments further. *See* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B), (D).

For the foregoing reasons, the petitions for review are DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8